**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

|  |  |
|---|---|
| ALVIN E. DICK, | Case No. 3:24-CV-00328-CLB |
| Plaintiff | **ORDER DISMISSING CASE** |
| v. | |
| MARTIN O'MALLEY,<br>Commissioner of Social Security, | |
| Defendant. | |

On July 25, 2024, Plaintiff Alvin Dick ("Dick") initiated this action, which involves judicial review of an administrative action by the Secretary of Health and Human Services, denying his claim for disability benefits under the Social Security Act. (ECF No. 1.)

On August 15, 2024, this Court issued an order concerning review of social security cases, (ECF No. 10). The order explicitly required Dick to file any motion for remand or reversal within 60 days of the filing of the certified administrative record. (*Id.* at 2.) On September 25, 2024, Defendant Commissioner Martin O'Malley ("Commissioner") filed the certified administrative record. (ECF No. 12.) Thus, pursuant to this Court's order, Dick had until Monday, November 25, 2024, to file his motion for reversal/remand, but he failed to do so. Thus, the Court *sua sponte* granted Dick an extension to Monday, December 30, 2024, to file his motion for reversal/remand. (ECF No. 13.) The Court cautioned Dick that if he failed to file his motion for reversal/remand, the Court would consider appropriate sanctions, up to and including dismissal of this action without prejudice. (*Id.*) To date, Dick has not complied with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

*See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the order directing Dick to file his motion for reversal/remand, Dick was cautioned that his failure to do so would result in appropriate sanctions, including dismissal of this action without prejudice. (ECF No. 13.) Thus, Dick had adequate warning that dismissal could result from his noncompliance with the Court's order.

///

Accordingly, **IT IS ORDERED** that Dick's case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: December 31, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**